**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 15 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES KIMO KIND, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> KATERYNA KEI KIND, <br><br> Defendant - Appellee, <br><br> and <br><br> STATE OF HAWAII, KENNETH GOODENOW, Deputy Attorney General of the State of Hawaii, JOHN DOES 1-10, HILO BENIOFF MEDICAL CENTER, Hawaii Health Systems Corporation, HAWAII STATE JUDICIARY, <br><br> Defendants. | No. 25-2839 <br><br> D.C. No. 1:25-cv-00108-SASP-WRP <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Shanlyn A. S. Park, District Judge, Presiding

Submitted July 15, 2025**

---

    \*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:　　SILVERMAN, TALLMAN, and BUMATAY, Circuit Judges.

James Kimo Kind appeals pro se from the district court's judgment dismissing his federal and state law action alleging various claims in connection with a child custody dispute. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2)(B). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Kind's federal claims because Kind failed to allege facts sufficient to state any plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that, to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in declining supplemental jurisdiction over Kind's state law claims. *See Dyack v. Northern Mariana Islands*, 317 F.3d 1030, 1037-38 (9th Cir. 2003) (setting forth standard of review and explaining that 28 U.S.C. § 1367(c)(3) permits the district court to decline to exercise supplemental jurisdiction over state law claims where the district court "has dismissed all claims over which it has original jurisdiction").

The district court did not abuse its discretion in dismissing without further leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth

standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

All pending motions and requests are denied.

**AFFIRMED.**